```
IN THE UNITED STATES DISTRICT COURT FOR
     THE SOUTHERN DISTRICT OF GEORGIA
              SAVANNAH DIVISION
```

| | | |
|---|---|---|
| BRENDA WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. CV421-178 |
| | ) | |
| DOLLAR TREE STORES, INC., XYZ | ) | |
| ENTITY, and JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## O R D E R

Before the Court is Plaintiff Brenda Webb's Stipulation That Plaintiff Will Not Seek Damages In Excess of $75,000.00.[1] (Doc. 6.) On May 11, 2021, Plaintiff filed her complaint in the State Court of Chatham County alleging that she slipped and fell in Defendant Dollar Tree's store. (Doc. 1, Attach. 1 at ¶ 8.) In her complaint, Plaintiff seeks damages for pain and suffering, loss of earnings, loss of enjoyment of life, and medical expenses. (Id. at ¶¶ 46-48.) Plaintiff does not specify the exact amount of damages she seeks, but provides that she has incurred medical expenses in excess of $10,875.00 and will incur future medical expenses in excess of $18,200.00. (Id. at ¶¶ 24-25.) Defendant Dollar Tree removed the case to this Court on June 14, 2021, asserting

---

[1] Plaintiff actually filed two stipulations, which both state that Plaintiff will not seek damages from Defendant Dollar Tree in excess of $75,000.00. (Docs. 5, 6.) For purposes of this order, the Court will refer to Plaintiff's later filed stipulation.

diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1 at 3.) Subsequently, Plaintiff filed her stipulation stating that Plaintiff would not seek damages from Defendant Dollar Tree in excess of the sum or value of $75,000.00, exclusive of interest and costs. (Doc. 6.) Because Plaintiff has now stipulated that she does not intend to seek more than $75,000.00 in damages, the Court questions its jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts have original jurisdiction over claims between citizens of different states if "the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs . . . ." Plaintiff has now stipulated that she will not seek damages in excess of $75,000.00, seemingly to divest this Court of jurisdiction. (Doc. 6.) However, "a post-removal stipulation [as to the amount in controversy] does not normally divest a federal court of jurisdiction." Millhouse v. Brannen, No. 7:11-cv-15 (HL), 2011 WL 672337, at *1 (M.D. Ga. Feb. 16, 2011); Boyd v. Shelton, No. 1:09-cv-03502-JOF, 2010 WL 1817759, at *2 (N.D. Ga. May 6, 2010) ("[O]nce a case has been removed, post-removal reductions in the amount of damages requested do not generally divest the court of diversity jurisdiction."). In a case where a post-removal event, like "a subsequent reduction of the amount at issue below jurisdictional levels, destroys previously existing jurisdiction" "a federal court will keep a removed case."

2

Wis. Dep't of Corr. v. Schacht, 524 U.S. 381, 391, 118 S. Ct. 2047, 2053, 141 L. Ed. 2d 364 (1998).

Nevertheless, when it appears that subject matter jurisdiction may be lacking, "a federal court must inquire sua sponte into the issue . . . ." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000). The Court must "assure itself that the case involves the requisite amount in controversy" if removal is based on diversity jurisdiction. Id. Importantly, the burden of establishing diversity jurisdiction "rests with the defendant seeking removal." Scimone v. Carnival Corp., 720 F.3d 876, 882 (11th Cir. 2013).

"If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co.,Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). "[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000.00 jurisdictional requirement." Boyd, 2010 WL 1817759, at *2 (quoting Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)).

From the Court's perspective, Defendant Dollar Tree has not proven by a preponderance of the evidence that the Court has original jurisdiction over this matter. Because the face of

Plaintiff's complaint only specifies $29,075.00 in damages, Defendant Dollar Tree, in the notice of removal, asserted that the amount in controversy is met based on Plaintiff's pre-suit demand letter. (Doc. 1 at 3.) In the demand letter, Plaintiff requests a sum of $500,000.00 to settle the matter. (Doc. 1, Attach. 2 at 3.) However, "settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence." Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. July 31, 2009). Courts do not entirely disregard pre-suit settlement demands, but rather determine whether the demand sets forth " 'specific information . . .to support [Plaintiff's] claim for damages' such that it appears '[she] is offering a reasonable assessment of the value of [her] claim.' " Maisonneuve v. Quicktrip Corp., No. 1:15-CV-02603-ELR, 2015 WL 12645741, at *1 (N.D. Ga. Oct. 20, 2015) (quoting Jackson, 651 F. Supp. 2d at 1281).

Here, Defendant Dollar Tree has not provided any information to establish that Plaintiff's pre-suit demand is a "reasonable assessment of the value of [her] claim." Id. Considering Plaintiff's stipulation that she will not seek damages in excess of $75,000.00, Defendant Dollar Tree must prove by a preponderance of the evidence that the amount in controversy requirement is satisfied in this case. Accordingly, Defendant Dollar Tree is **DIRECTED** to demonstrate within **fourteen (14) days** from the date of

this order whether the Court has subject matter jurisdiction over this case. If Defendant Dollar Tree fails to do so, the Court will remand this case to the State Court of Chatham County for lack of subject matter jurisdiction.

SO ORDERED this 29th day of June 2021

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA