IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

BRENDA WEBB,                        )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )        CASE NO. CV421-178
                                    )
DOLLAR TREE STORES, INC.; XYZ       )
ENTITY; and JOHN DOE;               )
                                    )
        Defendants.                 )
_____)

## O R D E R

Before the Court is Defendant Dollar Tree Stores, Inc.'s response to the Court's order directing Defendant to demonstrate that this Court has subject matter jurisdiction over the case.[1] (Doc. 10.) For the following reasons, the Court finds that it lacks subject matter jurisdiction and **REMANDS** the case to the State Court of Chatham County, Georgia.

---

[1] Defendant Dollar Tree's motion to consider its response timely is also pending before the Court. (Doc. 11.) Citing an inadvertent mistake, Defendant acknowledges that it filed its response one day after the deadline imposed by the Court but requests that the Court consider its response timely filed. (Id. at 1.) Plaintiff has not opposed consideration of Defendant's untimely response. Accordingly, in this instance, the Court **GRANTS** Defendant's motion (Doc. 11) and will consider Defendant's response. Rauback v. City of Savannah, No. CV418-167, 2020 WL 5807965, at *2 (S.D. Ga. Sept. 29, 2020) ("When a party submits an untimely filing, it is ultimately at the Court's discretion whether to strike or consider the document." (citation omitted)).

**BACKGROUND**

On May 11, 2021, Plaintiff filed her complaint in the State Court of Chatham County, Georgia, alleging that she slipped and fell in Defendant Dollar Tree's store. (Doc. 1, Attach. 1 at 4.) In her complaint, Plaintiff seeks damages for pain and suffering, loss of enjoyment of life, loss of earnings, and medical expenses. (Id. at 9-10.) Plaintiff also seeks punitive damages and attorney's fees. (Id. at 10-11.) Plaintiff does not specify the exact amount of damages she seeks, but she provides that she has incurred medical expenses in excess of $10,875.00 and will incur future medical expenses in excess of $18,200.00. (Id. at 6.)

Defendant removed the case to this Court on June 14, 2021, asserting diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1 at 3.) In its notice of removal, Defendant contends the allegations in Plaintiff's complaint coupled with Plaintiff's pre-suit demand letter demonstrate the amount in controversy in this case exceeds $75,000. (Id.) Subsequently, Plaintiff filed her stipulation stating that Plaintiff would "not seek damages from Defendant Dollar Tree Store, Inc. in excess of the sum or value of $75,000.00, exclusive of interest and costs."[2] (Doc. 6.) In light of Plaintiff's stipulation, the Court ordered Defendant to

---

[2] Plaintiff actually filed two stipulations, which both state that Plaintiff will not seek damages from Defendant Dollar Tree in excess of $75,000. (Docs. 5, 6.) For purposes of this order, the Court will refer to Plaintiff's later filed stipulation.

demonstrate whether the Court has subject matter jurisdiction over the case and why the case should not be remanded to the State Court of Chatham County. (Doc. 9 at 4-5.) Defendant's response to the Court's order is now before the Court. (Doc. 10.)

## LEGAL STANDARD

"[A] defendant may only remove an action from state court if the federal court would possess original jurisdiction over the subject matter." Brooks v. Floco Foods, Inc., No. CV 118-120, 2019 WL 313193, at *1 (S.D. Ga. Jan. 24, 2019) (citing 28 U.S.C. § 1441(a)). Accordingly, "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.' " Leaderman v. Quiktrip Corp., No. 1:16-cv-3955-WSD, 2017 WL 83325, at *1 (N.D. Ga. Jan. 10, 2017) (quoting Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S. Ct. 1235, 1244, 163 L. Ed. 2d 1097 (2006)). Relevant to this case, subject matter jurisdiction exists when there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332. The party removing the case to federal court "bears the burden of proving that federal jurisdiction exists." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001) (citing Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001)). Courts assess whether jurisdictional facts are satisfied at the time of removal. Bryant v. Publix Super Mkts.,

Inc., No. 1:20-CV-3916-JPB-CCB, 2021 WL 2470454, at *2 (N.D. Ga. Mar. 26, 2021) (first citing Scimone v. Carnival Corp., 720 F.3d 876, 882 (11th Cir. 2013); and then citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 n.13 (11th Cir. 1994)). The right to remove is strictly construed, and courts apply "a general presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." Id. (quoting Scimone, 720 F.3d at 882).

In this case, the parties dispute whether the amount in controversy requirement has been satisfied. "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Brooks, 2019 WL 313193, at *1 (quoting Williams, 269 F.3d at 1319).

> In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper. In other cases, however, it may be facially apparent from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when the complaint does not claim a specific amount of damages.

Bryant, 2021 WL 2470454, at *5 (quotation marks and citations omitted). "That said, a removing defendant is 'not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it.' " Melton v. Transamerica Life Ins. Co., No. 20-0463-WS-M, 2020 WL 6342722, at *1 (S.D. Ala. Oct. 29, 2020) (quoting Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754

(11th Cir. 2010)). A court may rely on evidence put forward by the removing defendant, reasonable inferences and deductions drawn from that evidence, and judicial experience and common sense in determining whether defendant has carried its burden. Bryant, 2021 WL 2470454, at *5.

## ANALYSIS

In response to the Court's show cause order, Defendant relies on Plaintiff's $500,000 pre-suit settlement demand as evidence of the amount in controversy at the time of removal. (Doc. 10 at 4.) Defendant also argues Plaintiff's stipulation is a post-removal change in the amount in controversy that does not divest the Court of jurisdiction. (Id. at 5.) Because Plaintiff's pre-suit settlement demand was not a reasonable assessment of the value of her claim and Plaintiff's post-removal stipulation was a clarification, not a reduction, of the amount in controversy at the time of removal, the Court finds that Defendant has not established the amount in controversy exceeded $75,000 at the time of removal.

I.   PRE-SUIT SETTLEMENT DEMAND

In her complaint, Plaintiff seeks damages for pain and suffering, loss of enjoyment of life, loss of earnings, and medical expenses. (Doc. 1, Attach. 1 at 9-10.) She also claims she is entitled to punitive damages and attorney's fees. (Id. at 10-11.) Aside from Plaintiff's allegations that she incurred medical

expenses in excess of $10,875.00 and will incur future medical expenses in excess of $18,200.00, however, she does not specify any particular dollar amount sought. (Id. at 6.) Thus, it is not facially apparent from Plaintiff's complaint that the amount in controversy exceeds $75,000. Farley v. Variety Wholesalers, Inc., No. 5:13-CV-52 (CAR), 2013 WL 1748608, at *1, *2 (M.D. Ga. Apr. 23, 2013).

As a result, Defendant relies on Plaintiff's pre-suit $500,000 demand letter as evidence that Plaintiff's complaint satisfied the amount in controversy threshold at the time of removal. (Doc. 10 at 4.)

> A settlement offer can of course constitute an "other paper" within the meaning of 28 U.S.C. § 1446(b). Lowery v. Alabama Power Co., 483 F.3d 1184, 1213 n.62 (11th Cir. 2007). The question is whether this specific settlement demand, given all the evidence presented, established by a preponderance of that evidence that the amount in controversy exceeds $75,000. . . .

> "While [a] settlement offer, by itself, may not be determinative, it counts for something." Burns v. Windsor Insurance Co., 31 F.3d 1092, 1097 (11th Cir. 1994). What it counts for, however, depends on the circumstances. Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide "specific information . . . to support [the plaintiff's] claim for damages" suggest the plaintiff is "offering a reasonable assessment of the value of [his] claim" and are entitled to more weight. Golden Apple Management Co. v. Geac Computers, Inc., 990 F. Supp. 1364, 1368 (M.D. Ala. 1998).

Bryant, 2021 WL 2470454, at *6 (quoting Jackson v. Select Portfolio
Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009)).

    The Court concludes Plaintiff's pre-suit demand is more
properly construed as posturing as opposed to a reasonable
assessment of her claim. Despite the Court advising Defendant that
its notice of removal did not provide enough information to
establish Plaintiff's pre-suit demand was a reasonable assessment
(Doc. 9 at 4), Defendant makes only a conclusory argument that
Plaintiff "provided a detailed demand letter for $500,000, which
outlines her evaluation of the claims in this case." (Doc. 10 at
4.) In the letter, however, Plaintiff gives only a general
description of the circumstances surrounding her injury, the
medical treatment she received and expects to receive for her
injury, and an outline of premises liability. (Doc. 1, Attach. 2
at 2-3.) "[W]ithout the slightest suggestion how in the world
[Plaintiff] could support such a figure," Jackson, 651 F. Supp. 2d
at 1281, Plaintiff proposed $500,000 for settlement after claiming
her special damages and estimated surgical costs totaled less than
$30,000. (Doc. 1, Attach. 2 at 3.) Besides the figures for special
damages and future surgery, "Plaintiff[] did not provide a
checklist of the damages sought with a corresponding value for
each harm asserted[,]" Jackson, 651 F. Supp. 2d at 1285, "tally[]
. . . costs[,] or descri[be] . . . which claims account for how
much in damages." Bryant, 2021 WL 2470454, at *6.

Without specific information explaining a basis for a demand of $500,000, the Court declines to find the pre-suit demand letter is evidence that the amount in controversy requirement at the time of removal was satisfied.[3] Since Defendant offered no other evidence to show that the amount in controversy threshold was satisfied, Defendant has not met its burden, and this case must be remanded.

## II.   POST-REMOVAL STIPULATION

Defendant is correct that post-removal efforts to reduce the amount in controversy below the requisite jurisdictional amount by stipulation, affidavit, or amendment do not deprive a district court of subject matter jurisdiction. See Bankhead v. Am. Suzuki Motor Corp., 529 F. Supp. 2d 1329, 1334-35 (M.D. Ala. 2008). On the other hand, as Defendant acknowledges, "[f]ederal courts routinely allow . . . post-removal stipulations as to amount in controversy where . . . they clarify the damages plaintiffs seek." Melton, 2020 WL 6342722, at *3 (citations omitted); Jackson, 651 F. Supp. 2d at 1282 ("[W]hat is prohibited are post-removal changes in the amount in controversy, not post-removal clarifications of the amount that was in controversy at the moment of removal."

---

[3] The Court is aware that punitive damages and attorney's fees can be relevant in some instances in determining whether the amount in controversy requirement has been satisfied. Bryant, 2021 WL 2470454, at *7. In the absence of any evidence or argument from Defendant, the Court declines to speculate on these topics. Id.

(citation omitted)). Defendant's argument that Plaintiff's stipulation is "an after-the-fact reduction in the amount in controversy, as opposed to a clarification" of the amount that was in controversy at the moment of removal is unavailing. Melton, 2020 WL 6342722, at *3.

Defendant's reliance on Ray v. GPR Hospitality LLC can be distinguished in two respects. In Ray, the plaintiff's minor son's finger was injured in a restaurant bathroom. No. 1:14-CV-1309-CC, 2015 WL 4717400, at *1 (N.D. Ga. Aug. 7, 2015). In his complaint, the plaintiff sought damages for his son's medical bills and pain and suffering as the child was forced to undergo surgery and alter his activities. Id. The Northern District of Georgia acknowledged that "events occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." Id. at *3 (quotation omitted). After distinguishing limitations on considering post-removal documents, the Court was willing to consider the plaintiff's $150,000 post-removal settlement offer as a "clarification that the amount in controversy at the time of removal exceeded the $75,000 jurisdictional requirement." Id. at *5. Nothing suggested "the amount in controversy increased between the time of removal and the time that Plaintiff made the settlement offer." Id. Conversely, the court declined to consider plaintiff's subsequent lower offer of $35,000 and new evidence about his

recovery and his resumption of activities because they were
"essentially evidence of post-removal changes in the amount in
controversy[.]" Id.

The distinctions between Ray and the case at hand are clear.
First, unlike the settlement offers in Ray, Plaintiff's demand was
submitted before her complaint was filed. (Doc. 1, Attach. 2.) As
explained above, Plaintiff's settlement demand is better construed
as pre-suit posturing; it does not suggest that the amount in
controversy remained the same from the time of the offer, exceeding
$75,000 at the time of removal. Additionally, in Ray, the $35,000
offer rejected by the court came after the plaintiff had already
made a post-removal offer of $150,000. Id. at *4, *5. Considering
the other evidence the plaintiff submitted, the reduction was more
likely a post-removal change in the amount of damages, not a
clarification of the amount in controversy at the time of removal.
Here, Defendant has not demonstrated that the amount in controversy
changed between Defendant filing the notice of removal and
Plaintiff filing her stipulation. Therefore, Plaintiff's
stipulation is more analogous to the stipulation in Melton, which
the court interpreted as "clarify[ying] and resol[ving] any latent
ambiguity in the jurisdictional allegations of the Complaint by
expressly stipulating [plaintiffs were] not seeking and [would]

not accept more than $75,000."[4] 2020 WL 6342722, at *3; see also
Leaderman, 2017 WL 83325, at *2 (remanding case after plaintiff
filed post-removal stipulation that her damages were $75,000.00 or
less). Accordingly, the Court concludes Plaintiff's post-removal
stipulation was not an attempt to reduce the amount in controversy
but was a clarification of the damages Plaintiff seeks.[5]

---

[4] The Court acknowledges that in several of the cases in which
post-removal stipulations have been considered, the plaintiffs
also stipulated they "would not accept damages" above the amount
in controversy, which Plaintiff has not done here. Melton, 2020 WL
6342722, at *3; Federated Mut. Ins. Co. v. McKinnon Motors, LLC,
329 F.3d 805, 808 (11th Cir. 2003). Nevertheless, it remains true
that Plaintiff's "lawyers are officers of this court and subject
to sanctions under Federal Rule of Civil Procedure 11 for making
a representation to the court for an improper purpose, such as
merely to defeat diversity jurisdiction," which the Court reminds
counsel "can be initiated and decided after the case on which it
is based is finally resolved and no longer pending." Federated
Mut. Ins. Co., 329 F.3d 808, 808 n.6. As such, the Court still
gives deference to Plaintiff's truncated stipulation. Id. at 808.
[5] In Jackson, the court concluded that "the settlement demand alone
would not satisfy defendant['s] burden" "even had no [stipulation]
been filed . . . ." 651 F. Supp. 2d at 1282. Coupled with the
"general presumption against the exercise of federal jurisdiction"
and the instruction to resolve all uncertainties in favor of
remand, Bryant, 2021 WL 2470454, at *2, the Court is further
convinced that remand is proper, despite the fact that the
stipulation lacked the more convincing "will not accept" language.

CONCLUSION

For the foregoing reasons, the Court concludes Defendant failed to meet its burden to show by a preponderance of the evidence that the amount in controversy threshold was satisfied at the time of removal. Since this Court lacks subject matter jurisdiction, this matter is **REMANDED** to the State Court of Chatham County, Georgia, for further proceedings. The Clerk of Court is **DIRECTED** to close this case.[6]

SO ORDERED this *22ᴬᴰ* day of February 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

_____

[6] The Consent Motion to Extend the Discovery Period and Modify the Scheduling Order (Doc. 28) currently pending before the Court is **DISMISSED AS MOOT.**